Case 4:24-cv-01973   Document 103   Filed on 08/11/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MSHB RESTAURANT, LLC, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. 4:24-cv-1973 |
| NEPAL BUSINESS INVESTMENT, LLC, BINOD PANTHI, and HEM TIWARI, | § § § § § | |
| *Defendants.* | § | |

## JUDGE PALERMO'S REPORT AND RECOMMENDATION[1]

This is a trade secrets dispute over the unauthorized use of recipes. Before the Court is Plaintiff MSHB Restaurant, LLC's motion to strike Defendants Nepal Business Investment, LLC ("NBI"), Binod Panthi, and Hem P. Tiwari's (collectively, "Defendants") affirmative defenses under Federal Rule of Civil Procedure 12(f). ECF No. 91. Having carefully considered the parties' motion,[2] pleadings, and applicable law, the Court recommends that the motion be denied.

---

[1] The district judge to whom this case is assigned referred this motion in accordance with 28 U.S.C. § 636(b). ECF No. 13. A motion to strike affirmative defenses is appropriate for a report and recommendation. *See Slatter v. Chesapeake Energy Corp.*, No. 1:20-CV-440-RP, 2021 WL 3598373, at *1 (W.D. Tex. July 18, 2021) (noting that magistrate judge issued report and recommendation on motion to strike affirmative defenses pursuant to 28 U.S.C. § 636(b)); *StarRotor Corp. v. Yasa Ltd.*, No. CV H-18-0453, 2019 WL 2524931, at *1 (S.D. Tex. Apr. 2, 2019) (recommending denial of motion to strike affirmative defenses).

[2] Defendants filed a response, ECF No. 95, and Plaintiff filed a reply, ECF No. 100.

I.     **FACTUAL BACKGROUND**

In 2016, Plaintiff was formed to operate a restaurant, Noon Mirch/Cuisine of India. 3d Am. Compl., ECF No. 60 ¶ 7. Defendants Panthi and Tiwari ("individual Defendants") were employees of Plaintiff from 2016 to September 2020. *Id.* ¶¶ 8–9. While the individual Defendants were still Plaintiff's employees, SHB Investment LLC ("SHB") (now NBI) was incorporated "with original members Panthi [and] Tiwari" and began setting up Himalayan Taj & Indian Cuisine. *Id.* ¶¶ 11–12, 14. Over the course of its existence, MSHB created over one hundred recipes (the "Recipes") to which Panthi and Tiwari had access while employed. *Id.* ¶¶ 15–16. Only MSHB's employees knew the Recipes because MSHB limited access on a need-to-know basis. *Id.* ¶ 17. The Recipes were "researched, developed, and formalized by MSHB over many years," and "MSHB spent significant time and money researching…its unique Recipes…which resulted in customer loyalty, recognition, and financial success." *Id.* ¶¶ 19–20.

In a 2021 lawsuit MSHB filed against Panthi and Tiwari for trade secret theft, MSHB's expert determined that many recipes individual Defendants used at NBI were the same as or highly similar to MSHB's Recipes. *Id.* ¶¶ 26-27. The litigation was settled prior to a court ruling on the trade secret theft allegations. *Id.* ¶ 28. NBI was also included in the Settlement Agreement. *Id.*

The Settlement Agreement:

> releases…and forever discharges the Defendants and Nepal…of and from all claims…including but not limited to those as alleged and set forth in the pleadings or could have been asserted in the Lawsuits or any other possible or conceivable assertion or right against Defendants and Nepal of every type and kind, known or unknown, that were or could have been brought by MSHB against Defendants and Nepal in the Lawsuits, *excepting causes of actions related to the performance of the obligations of the Parties pursuant to this Settlement Agreement.* This release is intended by MSHB to be as broad, pervasive, and general as allowed by law.

ECF No. 60-4 at 4 (emphasis added). The Agreement further states,

> It is expressly understood that…*nothing in this Settlement Agreement is to be construed as a license or permission to use MSHB's trade secrets or recipes.*

*Id.* at 6 (emphasis added).

Plaintiff contends that Defendants' restaurant, after the effective date of the Settlement Agreements, June 26, 2023, has continued to serve food highly similar to, or the same as, that MSHB. ECF Nos. 60 ¶ 32; 60-4 at 2.

## II. PROCEDURAL HISTORY

On May 24, 2024, Plaintiff filed the instant suit against NBI. ECF No. 1. In response, NBI filed a motion to dismiss, arguing that Plaintiff's trade secret claims were time-barred, the Settlement Agreements released Plaintiff's claims, and quasi-estoppel barred Plaintiff's claims as Plaintiff took a position in this case inconsistent with its position in the prior litigation. ECF No. 8. In response to the motion to dismiss, Plaintiff filed its First Amended Complaint against Defendants. ECF No. 9.

3

The Court mooted the motion to dismiss. Order, ECF No. 12. Thereafter, Defendants filed a motion to dismiss the First Amended Complaint and again argued that Plaintiff's trade secret claims were time-barred, the Settlement Agreements released Plaintiff's claims, and quasi-estoppel barred Plaintiff's claims. ECF No. 15.

Thereafter, Plaintiff filed a motion for leave to file its Second Amended Complaint, ECF No. 28, which the Court granted. Order, ECF No. 32. As a result, the Court mooted the pending motion to dismiss. *Id.* On November 15, 2024, Plaintiff filed its Second Amended Complaint. ECF No. 34. Defendants filed another motion to dismiss, arguing that the Court lacked subject matter jurisdiction under the DTSA, and Plaintiff failed to state a claim because it has not demonstrated a trade secret, namely because these recipes are common and well-known by cooks of this cuisine. ECF Nos. 40, 41. Plaintiff again asked to amend. ECF No. 43.

On January 27, 2025, the Court held a status conference. Although the deadline for amendment to pleadings passed on November 30, 2024, the Court granted Plaintiff leave to amend, specifically to address the jurisdictional arguments. Order, ECF No. 46. Days later on February 5, 2025, the Court held another conference on the parties' joint motion to expedite the trial date, at which the parties agreed to forgo dispositive motions and reserve all issues for trial. ECF No. 48. The Court entered an amended scheduling order setting docket call for July 11, 2025. Am. Docket Control Order, ECF No. 52.

Three months later, on May 7, 2025, Defendants filed a motion seeking clarification as to whether they needed to file an answer in light of the Court's decision to expedite the trial and permit Plaintiff to amend as Plaintiff had yet to file its Third Amended Complaint. ECF No. 58. On May 9, 2025, the Court ordered that Plaintiff file its Third Amended Complaint and Defendants file an answer. Order, ECF No. 59. On May 10, 2025, Plaintiff filed its Third Amended Complaint. ECF No. 60. On May 16, 2025, Defendants answered, ECF No. 62. On May 28, 2025, the Court held another conference at which it extended the discovery deadline from June 7, 2025 up to the date of trial. At the same conference, Defendants' counsel stated his intention to amend the answer as a matter of course pursuant to Rule 15 to "include certain affirmative defenses, including a bad faith misappropriation claim." Minute Order, ECF No. 74.

On May 30, 2025, Defendants filed their amended answer, raising twelve affirmative defenses: (1) independent development of the recipes; (2) recipes compromised of publicly known information; (3) failure to maintain secrecy; (4) readily ascertainable information; (5) prior material breach by Plaintiff; (6) release; (7) Plaintiff brought the misappropriation claim in bad faith; (8) failure to mitigate damages; (9) lack and failure of consideration; (10) failure to state a claim; (11) sham litigation; and (12) res judicata. ECF No. 75.

On July 11, 2025, the Court held docket call and set this matter for trial on

October 6, 2025. ECF No. 90. On August 4, 2025, Plaintiff filed the instant motion to strike, arguing that "Defendants' incredibly late affirmative defenses are gamesmanship" and are "prejudicial and unfair." ECF No. 91.

### III.  STANDARD FOR MOTION TO STRIKE AFFIRMATIVE DEFENSES.

"Rule 12(f) provides that '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Ramey & Schwaller, LLP v. EMED Techs. Corp.*, No. 4:21-CV-02036, 2021 WL 5202436, at *3 (S.D. Tex. Nov. 8, 2021) (quoting Fed. R. Civ. P. 12(f)). "Striking an affirmative defense is rare and warranted only when a defense 'cannot, as a matter of law, succeed under any circumstance.'" *Njoku v. Harris Cnty. Hosp. Dist.*, No. 3:22-CV-00406, 2024 WL 23175, at *2 (S.D. Tex. Jan. 2, 2024) (quoting *Moody Nat'l CI Grapevine S., L.P. v. TIC Tex. Two 23, L.L.C.*, No. H-19-0711, 2019 WL 5595332, at *2 (S.D. Tex. Oct. 30, 2019) (quotation omitted)). Stated otherwise, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). "Merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice." *Id.* (quoting *McNeely v. Trans Union LLC*, No H-18-849, 2019 WL 338127, at *2 (S.D. Tex. Jan. 28, 2019).[3]

---

[3] "[T]he authority in this District [] weighs heavily in favor of finding that affirmative defenses are

## IV. PLAINTIFF'S MOTION SHOULD BE DENIED.

As an initial matter, Plaintiff's motion to strike is untimely. Under Rule 12(f), a party may move to strike defenses "within 21 days after being served with the pleading" if a responsive pleading is not allowed. Fed. R. Civ. P. 12(f). Defendants asserted their affirmative defenses on May 30, 2025, ECF No. 75,[4] and over two months later, Plaintiff filed the instant motion to strike. ECF No. 91. During those two months, the District Judge held docket call to set a trial date and discuss pretrial matters. There is no indication that Plaintiff raised any objection to Defendants' affirmative defenses, which had been on file for over a month, at this setting. ECF No. 90. Instead, a month after docket call, Plaintiff filed the instant untimely motion to strike. *See United States v. Brink*, No. CIV.A. C-10-243, 2011 WL 835828, at *2 (S.D. Tex. Mar. 4, 2011) ("a party may move to strike defenses 'within 21 days after

---

subject to a fair notice pleading standard." *Id.* (quoting *Morgan v. Goodman Mfg. Co.*, No. 4:19-cv-00850, 2021 WL 1169390, at *10 (S.D. Tex. Mar. 10, 2021); *see also Fernandes v. VMOC LLC*, No. H-18-1544, 2018 WL 4901033, at *3 (S.D. Tex. Oct. 9, 2018) ("While complaints must satisfy the *Iqbal* and *Twombly* standard, the defendants' answer must only 'identify the affirmative defense in question and provide notice of its basis.'" (quoting *Woodfield*, 193 F.3d at 362)); *Trevino v. RDL Energy Servs., L.P.*, No. H-14-1936, 2016 WL 11477431, at *4 (S.D. Tex. July 21, 2016) (applying the "fair notice" pleading standard to any affirmative defenses); *T.R.M. v. GlaxoSmithKline LLC*, No. 4:14-cv-00452, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015) ("Affirmative defenses are not subject to the heightened pleading requirements stated in [*Twombly*].'")).

[4] Notably, despite leave being granted in January 2025, Plaintiff's Third Amended Complaint was not filed until May 10, 2025. ECF No. 60. Less than twenty days later, Defendants timely filed their amended answer, asserting their affirmative defenses. ECF No. 75. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint."). As noted above, with each of the prior complaints, Defendants filed a motion to dismiss that was subsequently mooted by Plaintiff's amendment.

being served with the pleading' if a responsive pleading is not allowed."); *Patton v. Air Prods. & Chemicals, Inc.*, No. CV 22-00392-BAJ-RLB, 2024 WL 131362, at *6 (M.D. La. Jan. 11, 2024) ("Because Defendants' affirmative defenses were presented in their Answers, Plaintiff had 21 days from the docketing of the Answers to file his Motion to Strike."); *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2017 WL 1508183, at *1 (S.D. Miss. Apr. 25, 2017) ("First, the motion was untimely. Rule 12(f) unambiguously provides that a motion to strike a defense from a pleading to which no response is permitted must be filed within twenty-one days of service of the pleading. Fed. R. Civ. P. 12(f). Defendants filed their Answer on February 7, 2017, but Plaintiff did not file the Motion to Strike [37] until April 6, 2017—almost two months later. This is sufficient reason to deny the motion."). Because Plaintiff's motion to strike is untimely, it should be denied.

Furthermore, as detailed above, the parties have expressly agreed to forgo all dispositive motions to proceed expeditiously to trial. As Plaintiff's motion is a dispositive motion, Plaintiff violates this agreement and for this additional reason, the motion to strike should be denied. *See* ECF No. 91 ("MSHB respectfully requests that the Court strike Defendants' affirmative defenses or, in the alternative, grant MSHB summary judgment as to Defendants' affirmative defenses."); ECF No. 100 (Plaintiff "respectfully requests that the Court strike Defendants' affirmative defenses or, in the alternative, grant MSHB summary judgment as to Defendants'

affirmative defenses."); *see also Truport Logistics, LLC v. ATC W. Tex., LLC*, No. 24-CV-00115-DC-RCG, 2024 WL 4256460, at *2 (W.D. Tex. Sept. 5, 2024), *adopted*, No. MO:24-CV-00115-DC, 2024 WL 4256445 (W.D. Tex. Sept. 20, 2024) (citing *U.S. SEC v. Breland*, No. 3:22-01470, 2022 WL 17840413 (W.D. La. Dec. 6, 2022); *Rivera v. Laredo Petroleum, Inc.*, No. MO:19-CV-5-DC, 2019 WL 6048030 (W.D. Tex. Aug. 30, 2019)).

Furthermore, even if Plaintiff's motion was timely and did not violate the agreement to forgo substantive motions, there is no prejudice because of Defendant's filing affirmative defenses at the end of May. *Vanguard Stimulation Services, LLC v. Trican Well Serv., L.P.*, No. CIV.A. H-13-0507, 2014 WL 7157436, at *10 (S.D. Tex. Dec. 15, 2014) (Lake, J.) ("An affirmative defense is not waived if the defendant raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond.") (quoting *Pasco v. Knoblauch,* 566 F.3d 572, 577 (5th Cir. 2009)). First, as noted, Plaintiff did not amend its' complaint for three months after the Court granted leave, necessitating the late filing of Defendants' affirmative defenses. Second, the Court granted the parties leave to continue discovery up through trial, thereby negating any possible prejudice from the May 30 filing of affirmative defenses for the first time. Order, ECF No. 74.

Finally, upon the Court's review of the prior pleadings, motions, and conference minutes in this case compared to Defendants' affirmative defenses, the

defenses are not substantively different from many allegations previously raised and discovery is ongoing until the October trial date. For example, Defendants' assertion that Plaintiff failed to state a claim, and Defendants independently developed their recipes and utilized longstanding and widely known and readily ascertainable Indian and South Asian culinary traditions was previously alleged in Defendants' third motion to dismiss. ECF No. 41 (Plaintiff failed to demonstrate a trade secret because these recipes are common, capable of being made by other cooks knowledgeable in the cuisine). Defendants' assertion that Plaintiff breached the Settlement Agreement by initiating suit and that the Settlement Agreement released Plaintiff's claims were previously alleged in Defendants' first and second motions to dismiss. ECF Nos. 8, 15 ("Plaintiff has already released the claims alleged"). Defendants' assertion of res judicata has been previously alleged in Defendants' first and second motions to dismiss. ECF Nos. 8, 15 ("The facts, claims and arguments being made here are the exact same facts and claims that have already been litigated, settled and released by these parties.").

      The Court finds that only four of the defenses are sufficiently different from any allegations previously raised that *could* be prejudicial: (1) bad faith; (2) failure of consideration; (3) sham litigation; and (4) failure to mitigate damages. However, because the parties can conduct discovery up to trial in October, there is no prejudice from the filing of affirmative defenses at the end of May. *See THOMAS BRUCE v.*

*ANCRA INTERNATIONAL, LLC*, No. CV 17-3940, 2018 WL 1757383, at *4 (E.D. La. Apr. 12, 2018) (the court struck defendant's affirmative defense raised after discovery responses exchanged where the affirmative defenses' allegations and defendant's discovery responses failed to prove sufficient notice to plaintiff, especially in light of defendant's lack of candor with plaintiff and the court); *Blonder–Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply).

Therefore, Plaintiff's motion to strike should be denied.

## V.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendants' motion to strike affirmative defenses, ECF No. 91, be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on August 11, 2025.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**