UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MSHB RESTAURANT, LLC,

Plaintiff,

v.

CIVIL ACTION NO. 4:24-cv-01973

NEPAL BUSINESS INVESTMENT, LLC,
BINOD PANTHI, and HEM TIWARI,

Defendants.

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER THE DEFEND TRADE SECRETS ACT AND THE TEXAS UNIFORM TRADE SECRETS ACT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Nepal Business Investment, LLC, Binod Panthi, and Hem Tiwari move under Federal Rule of Civil Procedure 54(d)(2), 18 U.S.C. § 1836(b)(3)(D), and Texas Civil Practice and Remedies Code § 134A.005 for an award of reasonable attorneys' fees incurred in defending Plaintiff's trade-secret misappropriation claims.

## I.
## PROCEDURAL POSTURE

Plaintiff asserted trade-secret misappropriation claims under the Defend Trade Secrets Act ('DTSA') and the Texas Uniform Trade Secrets Act ('TUTSA'), together with breach-of-contract claims under the parties' settlement agreement. Doc. 60. Plaintiff moved for partial summary judgment on its misappropriation and contract claims and on Defendants' affirmative defenses. Doc. 122. Defendants cross-moved for summary judgment on all claims and requested fees under the DTSA and TUTSA upon prevailing because Plaintiff's trade-secret claims were brought in bad faith. Doc. 128.

On August 8, 2026, Judge Palermo signed her Report and Recommendation and Order. Doc. 139. She recommended granting Defendants' motion and denying Plaintiff's motion. The

Report found no evidence that Plaintiff's recipes were trade secrets and, even assuming a trade secret, no evidence that Defendants used Plaintiff's recipes. Id. at 16–21. The Report further concluded that the contract claims failed: the alleged no-license breach depended on proof that Defendants used a trade secret, and Plaintiff itself—not Defendants—filed suit without first attempting mediation. Id. at 22–25. The Report explained that fees under the DTSA and TUTSA must be sought by a Rule 54(d) motion after final judgment. Id. at 25–28.

On August 20, 2026, the District Court adopted Judge Palermo's Report and Recommendation and entered Final Judgment dismissing Plaintiff's claims with prejudice and taxing costs against Plaintiff. Docs. 141, 142. Defendants are therefore the prevailing parties.

## II.
## APPLICABLE LAW AND ISSUES TO BE RULED UPON

### A. Rule 54(d)(2) governs the motion.

Rule 54(d)(2) provides the procedural mechanism for seeking attorney's fees when the applicable statute authorizes an award. The motion must be filed within 14 days after entry of judgment unless a statute, court order, or applicable rule provides otherwise. It must identify the judgment and legal authority supporting the request and state the amount sought or provide a fair estimate. Fed. R. Civ. P. 54(d)(2)(B). This motion is timely because Final Judgment was entered on August 20, 2026, and this motion is filed within 14 days of entry of judgment.

### B. The DTSA authorizes fees to a prevailing defendant when the claim was made in bad faith.

The DTSA provides that a court may award reasonable attorney's fees to the prevailing party when a claim of misappropriation is made in bad faith and expressly provides that bad faith 'may be established by circumstantial evidence.' 18 U.S.C. § 1836(b)(3)(D). A fee award ordinarily requires more than an unsuccessful claim. Courts applying the DTSA generally examine whether (1) the claim was objectively baseless or specious and (2) it was brought or maintained in

subjective bad faith or for an improper purpose. *Dunster Live, LLC v. Lonestar Logos Mgmt. Co.*, LLC, 908 F.3d 948, 952 (5th Cir. 2018); *Universal Plant Servs., LLC v. Meier*, No. 4:22-CV-2364, 2025 WL 3500634, at *16 (S.D. Tex. Aug. 19, 2025), adopted sub nom. *Universal Plant Servs., LLC v. Adams*, No. CV H-22-2364, 2025 WL 3500631 (S.D. Tex. Sept. 19, 2025).

**C. TUTSA likewise authorizes fees for a bad-faith claim.**

TUTSA likewise provides that the court may award reasonable attorney's fees to the prevailing party if a claim is made in bad faith. Tex. Civ. Prac. & Rem. Code § 134A.005. Defendants prevailed on Plaintiff's TUTSA claim, and the same evidence establishes bad faith under both statutes.

**D. What constitutes bad faith.**

The DTSA and TUTSA 'are virtually identical' and 'require proof of the same elements,' except for the interstate-commerce element; courts therefore usually analyze the claims collectively. *Maxxim Indus. USA II, LLC v. Texas Chrome Transp., Inc.*, SA-24-CV-00046-FB, 2024 U.S. Dist. LEXIS 153673, at *14 (W.D. Tex. Aug. 23, 2024). Although neither statute defines bad faith, courts ask whether (1) the claim was entirely baseless or specious and (2) the claim was taken in subjective bad faith or for an improper purpose. *Dunster Live*, 908 F.3d at 952; *Universal Plant*, 2025 WL 3500634, at *16. Bad faith may be inferred from the absence of supporting evidence, a claimant's knowledge of defects in its theory, persistence after discovery disproves the theory, shifting positions, and use of litigation to obtain leverage unrelated to a legitimate trade-secret dispute.

## III.
## PLAINTIFF MADE AND MAINTAINED ITS TRADE-SECRET CLAIMS IN BAD FAITH

**A. The claims were objectively baseless.**

Plaintiff failed on both threshold propositions—existence and use. First, Plaintiff did not identify a protectable trade secret. Its lists and charts merely named common Indian-style dishes. Its handwritten recipes did not establish how they differed from generally known recipes. Its typed recipes were not completed until after Defendants left, and Plaintiff never alleged that Defendants accessed or saw them. Even Plaintiff's expert did not know of their existence. Its alleged oral recipes were never specifically identified. Judge Palermo accordingly found that Plaintiff offered little more than recipes or ingredient lists for common Indian-style dishes and 'no evidence establishing how [the] recipes are different from recipes generally known in the industry.' Doc. 139 at 16.

Second, Plaintiff offered no evidence that Defendants used any recipe. Doc. 139 at 18. Plaintiff relied on access and supposed similarity, yet offered no evidence that Tiwari viewed, downloaded, or copied the typed or handwritten recipes. Plaintiff's own expert found that the compared dishes did not contain identical ingredients, tending to disprove copying. Judge Palermo found the evidence of use 'even less compelling' than the evidence held insufficient in GE Betz, Inc. v. Moffitt-Johnson, 885 F.3d 318 (5th Cir. 2018). Doc. 139 at 21. These were not marginal deficiencies; Plaintiff lacked evidence on essential elements after full discovery.

**B. The circumstances establish subjective bad faith and an improper purpose.**

The record shows that Plaintiff used trade-secret litigation to suppress lawful competition. Shesh Sharma testified that Vijay Nanda threatened that Defendants would not be allowed to open a competing Indian restaurant even if its food were different. Doc. 128, Ex. G, 43:18–44:6, 44:23–45:23, 84:14–85:23. Plaintiff's representative likewise admitted that, when Panthi discussed someday opening a restaurant, he was told, 'we will never allow that to happen.' Doc. 128, Ex. I, 12:22–13:17. Those statements were not tied to any identified secret recipe. They were directed at competition itself.

Plaintiff then maintained the claims despite discovery demonstrating that the typed recipes postdated Defendants' departure, no witness could identify a specific oral trade secret, and Plaintiff's own testing did not show identical ingredients. Plaintiff's shifting accounts of when the typed recipes were created, who created them, what was secret, and how Defendants supposedly used them were not peripheral inconsistencies; they concerned creation, secrecy, access, and use. See Doc. 128 at 21 (table). The objective absence of evidence, together with the direct evidence of an anticompetitive purpose and Plaintiff's persistence after discovery, supports the inference of subjective bad faith expressly permitted by § 1836(b)(3)(D).

The history of the parties' prior litigation further supports an inference of bad faith. In 2021, MSHB and related parties filed three lawsuits in Harris County—Cause Nos. 2021-61489, 2021-77718, and 2021-77788—which were consolidated in the 295th Judicial District Court. Those actions included the same essential accusation presented here: that Tiwari and Panthi were using MSHB's recipes and had misappropriated its trade secrets. Doc. 139 at 3; Doc. 122-22 at 1. The parties resolved those disputes through a settlement effective June 26, 2023[1].

The Settlement Agreement expressly provided that Panthi, Tiwari, and NBI denied using any of MSHB's or Nanda's trade secrets or recipes. Doc. 122-22 §§ 4(C), 5. It further provided that no party admitted liability and that the agreement could not be construed as an admission of either liability or the truth of any allegation, claim, or contention. Id. § 5. Nevertheless, on May 24, 2024, MSHB again sued Defendants based on the same essential accusation that they were using its recipes. Doc. 139 at 3–4. Although MSHB obtained post-settlement testing, that testing did not establish that Defendants copied or used any MSHB recipe and instead showed that the compared dishes did not contain identical ingredients. *Id.* at 14, 18–21. Thus, after resolving the

[1] The Report identifies the settlement date as January 26, 2023. Doc. 139 at 3. The executed Settlement Agreement, however, states an effective date of June 26, 2023 and recites that the parties reached an agreed settlement by email on June 14, 2023 pursuant to Texas Rule of Civil Procedure 11. Doc. 122-22 at 1.

prior litigation without obtaining any admission or establishing any misappropriation, MSHB revived the same essential theory without evidence sufficient to establish either a protectable trade secret or actual use. Considered together with the evidence that the Nanda family intended to prevent Defendants from operating a competing restaurant, this history supports the inference that MSHB used successive litigation to impede lawful competition and impose continuing financial pressure on Defendants rather than to protect a legitimate trade secret.

An after-the-fact trade-secret theory cannot substitute for a noncompete, particularly where the restriction sought is broader than a lawful noncompete. Vasquez v. Ybarra, 150 F. Supp. 2d 1157, 1173–74 (D. Kan. 2001). Plaintiff's claims did exactly that. The Court should find that Plaintiff made and maintained the DTSA and TUTSA claims in bad faith.

## IV.
## THE REQUESTED FEES ARE REASONABLE AND PROPERLY SEGREGATED

### A. The lodestar and billing judgment.

Courts calculate a reasonable fee by multiplying reasonable hours by reasonable hourly rates and then considering whether the Johnson factors warrant an adjustment. *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 781–84 (S.D. Tex. 2007). The fee applicant bears the burden to document the hours and rates and to show billing judgment. Id. at 781–82. Defendants submit contemporaneous billing records and declarations identifying the timekeepers, rates, work, hours, and amounts. Ex. A (Singhal Decl.); Ex. B[2] (Dow Golub/Singhal billing records); Ex. C (Kraus Decl. and records). The records reflect a discretionary $1,500 courtesy credit applied for the client's benefit and non-billed time in Mr. Kraus's records. The lodestar is based on the

[2] Defendants have redacted from the invoices - client addresses, internal account numbers, costs and advances, interest, payments, account balances, and trust-account information because those matters are not relevant to the requested statutory fee award. Defendants have not redacted the billing entries, hours, rates, or legal-fee amounts underlying the requested lodestar and will submit the complete, unredacted invoices for in camera review if the Court so directs.

reasonable value of the hours actually expended at the reduced rates charged in this matter before application of that additional courtesy credit. The credit and non-billed time further demonstrate counsel's exercise of billing judgment. Defendants do not seek costs, advances, contractual interest, or the unpaid account balance as part of this motion.

The Dow Golub/Singhal records reflect 432.90 attorney hours and $248,748.50 in gross legal fees through April 15, 2026. Mr. Kraus, Defendants' prior counsel, reasonably billed 29.75 hours at $400 per hour, totaling $11,900.00. In addition, Mr. Singhal reasonably incurred 16.00 hours reviewing and analyzing Judge Palermo's Report and Recommendation, reviewing Plaintiff's objections, preliminarily drafting a response to those objections, reviewing the Order of Adoption and Final Judgment, and preparing this Rule 54 motion, declaration, fee analysis, and supporting materials. At Mr. Singhal's reduced rate of $575 per hour, that work totals $9,200.00. Mr. Singhal's regular hourly rate was $675 in 2024-25 and is currently $725. He nevertheless agreed to represent Defendants at a special reduced rate of $575 per hour. The requested lodestar uses only the reduced $575 rate for Mr. Singhal's time. The combined lodestar, including the additional work described above, is $269,848.50.

| Timekeeper | Hours | Rate(s) | Gross fees |
|---|---|---|---|
| Dinesh H. Singhal (Billed) | 313.70 | $575 | $180,377.50 |
| John T. Beliveau | 116.70 | $575 | $67,102.50 |
| Andrew S. Golub | 1.60 | $575 / $685 | $931.00 |
| Hanah King | 0.90 | $375 | $337.50 |
| Jason D. Kraus | 29.75 | $400 | $11,900.00 |
| Dinesh H. Singhal—additional unbilled work and fee application | 16.00 | $575 | $9,200.00 |
| Total | 478.65 | — | $269,848.50 |

Mr. Golub's regular hourly rate is $685. Due to a billing error, 1.50 of his 1.60 hours were billed at $575 rather than $685; the remaining 0.10 hour was correctly billed at $685. Defendants

do not seek to correct the underbilling retroactively or recover the additional $165.00 that would have been charged at his regular rate. They seek only the $931.00 actually billed for his services. As explained in Mr. Singhal's declaration, Mr. Golub is a Yale Law School graduate, has been Board Certified in Labor and Employment Law since 1998, and has extensive trial, appellate, trade-secret, and noncompete experience. His regular $685 rate is reasonable, and the lower amount actually billed and requested is necessarily reasonable.

**B. The request segregates the independent mediation issue and avoids double recovery.**

Defendants seek fees only for the trade-secret defense. One contract theory—the alleged breach of the settlement agreement's no-license provision—turned entirely on whether Defendants used Plaintiff's trade secrets. Doc. 139 at 22–24. Work addressing existence, secrecy, access, use, experts, discovery, depositions, and summary judgment therefore would have been required to defend the DTSA and TUTSA claims even without that overlapping contract theory. Those discrete services advanced the recoverable trade-secret defense and need not be excluded merely because they also defeated the overlapping contract theory.

The only materially independent contract issue was Plaintiff's contention that Defendants failed to mediate before suit. Doc. 139 at 24–25. Counsel reviewed each invoice and, because some entries combine related work performed during a continuous session, conservatively allocated 5% of the billed merits-phase fees to the independent mediation issue and any other contract-only work. The remaining 95% is a reasonable estimate of the work that would have been performed even if Plaintiff had pleaded only its DTSA and TUTSA claims. A percentage allocation supported by counsel's review and opinion is permissible where records contain intertwined entries and counsel identifies the work that would have been required for the recoverable claim. Spartan Composites, LLC v. Signature Systems Group, LLC, No. 4:24-cv-609, 2026 U.S. Dist. LEXIS 193197, at *15–17 (E.D. Tex. Aug. 27, 2026).

Applying that conservative reduction to the billed merits-phase fees yields $236,311.08 for the Dow Golub/Singhal fees and $11,305.00 for Mr. Kraus's fees. The additional 16.00 hours and $9,200.00 incurred reviewing the Report and Recommendation, Plaintiff's objections, the Order of Adoption and Final Judgment, preliminarily preparing a response to the objections, and preparing this fee application are attributable to Defendants' successful DTSA and TUTSA defense and the recovery of the statutory fee remedy. Those fees are not attributable to the independent contract claim and are therefore not subject to the 5% reduction. The total requested award is $256,816.08. Defendants request one award under the DTSA and TUTSA and do not seek a duplicative recovery under both statutes.

**C. The rates, hours, and results support the requested award.**

The rates charged are consistent with those prevailing in the Houston legal market for attorneys of comparable experience, qualifications, and responsibility. The work performed was reasonable and necessary and included preliminary-injunction and subject-matter-jurisdiction briefing; pleadings; written discovery and document production; trade-secret identification and related motion practice; expert retention and challenges; preparation for and participation in numerous fact, corporate-representative, and expert depositions; pretrial preparation; and briefing cross-motions for summary judgment supported by extensive evidentiary records. Following the issuance of Judge Palermo's Report and Recommendation, counsel also reviewed and analyzed the Report and Plaintiff's objections, preliminarily prepared a response to those objections, reviewed the Order of Adoption and Final Judgment, and prepared this Rule 54 fee application and its supporting declaration and materials. Defendants achieved complete success: the Court granted their motion for summary judgment, denied Plaintiff's motion, and dismissed all of Plaintiff's claims with prejudice. The lodestar adequately accounts for the relevant Johnson factors, and no further upward or downward adjustment is warranted.

## V.

## CONCLUSION AND PRAYER

Defendants respectfully request that the Court find that Defendants are the prevailing parties on Plaintiff's DTSA and TUTSA claims; find that Plaintiff made and maintained its trade-secret misappropriation claims in bad faith within the meaning of 18 U.S.C. § 1836(b)(3)(D) and Texas Civil Practice and Remedies Code § 134A.005; award Defendants $256,816.08 in reasonable and necessary attorneys' fees incurred in defending those claims, addressing the proceedings following issuance of the Report and Recommendation, and preparing this Rule 54 fee application; and grant Defendants all other relief, at law or in equity, to which they are entitled.

Respectfully submitted,

**DOW GOLUB REMELS & GILBREATH, PLLC**

/s/ Dinesh H. Singhal
Dinesh H. Singhal
Texas Bar No. 24003383
Southern District No. 21945
Singhal@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Tel: 713.526.3700
Fax: 713.526.3750
Attorney for Defendants

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I certify that on August 31, 2026, I conferred with Gary Maze, counsel for Plaintiff regarding the relief requested in this motion. Plaintiff opposes the motion.

/s/ Dinesh H. Singhal
Dinesh H. Singhal

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system on September 2, 2026.

/s/ Summer Paradee
Summer Paradee