United States District Court
Southern District of Texas
ENTERED
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MSHB Restaurant, LLC,<br>*Plaintiff,* | § | |
| vs. | § | Case No. 4:24-cv-1973 |
| Nepal Business Investment, LLC, Binod Panthi, and Hem Tiwari,<br>*Defendants.* | § | |

**JUDGE PALERMO'S REPORT AND RECOMMENDATION ON DEFENDANTS' ATTORNEYS' FEES AND COSTS**

This is a trade secret case.[1] Plaintiff MSHB Restaurant LLC ("MSHB") sued Defendants under the Defend Trade Secrets Act ("DTSA") and Texas Uniform Trade Secrets Act ("TUTSA"), alleging that they misappropriated its recipes and used them to open a competing restaurant. ECF No. 60. On August 10, 2026, the Court found that MSHB failed to provide sufficient evidence to establish its recipes were trade secrets or that Defendants used them in their business and thus recommended granting Defendants' motion for summary judgment. ECF No. 139 at 7–22. The recommendation was adopted and final judgment issued on August 20, 2026. ECF Nos. 141, 142.

[1] The district judge referred all post-judgment motions. Order, ECF No. 144.

Defendants now move to recover attorney fees, ECF No. 143,[2] and taxable costs, ECF No. 148.[3] The Court addresses each in turn.

## I. Defendants Are Not Entitled to Attorneys' Fees.

Under the DTSA and TUTSA, the Court may "award reasonable attorney's fees to the prevailing party" if "a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated." *Trident Beverage, Inc. v. Smart Beverage, Inc.*, No. 4:20-CV-03470, 2025 WL 1654593, at *2 (S.D. Tex. June 11, 2025) (quoting 18 U.S.C. § 1836(b)(3)(D)); *see also Vita Int'l, Inc. v. Foro Energy, Inc.*, No. 4:18-CV-01663, 2022 WL 350195, at *19 (S.D. Tex. Jan. 4, 2022) (applying same standard under both DTSA and TUTSA). To determine "whether trade-secret claims have been brought in . . . bad faith," courts ask "(1) whether the claims were entirely baseless or objectively specious and (2) whether the claims were made or pursued in subjective bad faith or for an improper purpose." *Vita Int'l*, 2022 WL 350195, at *19 (citing *Source Prod. & Equip. Co. v. Schehr*, No. CV 16-17528, 2020 WL 4785048, at *4 (E.D. La. Aug. 18, 2020)). Winning on the merits alone is not sufficient to establish bad faith: "prevailing [is] a necessary but not sufficient

---

[2] MSHB responded, ECF No. 147, and Defendants replied, ECF No 151.

[3] MSHB responded, ECF No. 150, and Defendants replied, ECF No. 152.

requirement for fees." *Trident Beverage*, 2025 WL 1654593, at *2 (quoting *Dunster Live, LLC v. Lonestar Logos Mgmt. Co., LLC*, 908 F.3d 948, 952 (5th Cir. 2018)).

Here, Defendants argue that MSHB's claims were objectively baseless because it failed to "identify a protectable trade secret" and "offered no evidence that Defendants used any recipe." ECF No. 143 at 4. On the contrary, MSHB did produce evidence to support its trade-secret claims, including a list of recipes with ingredients and instructions, a chart comparing items from its and Defendants' restaurants, handwritten recipes from a notebook kept in its kitchen, declarations from its former head chef, and two expert reports. ECF No. 139 at 11–16 (analyzing MSHB's evidence). MSHB also had evidence that Defendant Tiwari, who had previously worked for MSHB as a chef, had access to its recipes during his employment and left to work as a chef at Defendants' restaurant, which served similar food. *Id.* at 20; ECF No. 122 at 22.

While this evidence was ultimately insufficient to survive summary judgment, the Court cannot say that MSHB's theory of misappropriation was frivolous or brought in bad faith. *See, e.g.*, *LQD Bus. Fin., LLC v. AKF, Inc.*, No. 24-1071, 2025 WL 830444, at *5 (7th Cir. Mar. 17, 2025) (denying DTSA attorney fees for defendant where plaintiff submitted evidence that employee "had been in regular contact with [a competitor], used multiple email addresses to communicate with competing firms, and downloaded proprietary client files onto his personal

computer," finding plaintiff had "nonfrivolous reasons to believe [employee] had transmitted [its] protected trade secrets" even though the "evidence was ultimately insufficient to survive summary judgment"); *CAE Integrated, LLC v. Moov Techs. Inc.*, No. 1:21-CV-377-RP, 2023 WL 3959397, at *7 (W.D. Tex. June 12, 2023) (denying DTSA attorney fees to defendant where plaintiff voluntarily dismissed case after losing preliminary-injunction motion because plaintiff produced evidence that "a former employee uploaded [its] files onto his personal cloud storage before moving to a competitor that soon started to solicit former clients and adopt a more similar business model").

Thus, the Defendants' motion for fees should be denied.

## II. Defendants Are Not Entitled to Costs as Prevailing Parties Because Their Bill of Costs Was Untimely.

Under Federal Rule of Civil Procedure 54, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). By local rule, "parties must maintain their own record of taxable costs" and submit a "bill of costs within 14 days of entry of a final judgment." L.R. 54.2.

Here, the Court entered final judgment on August 20, 2026, ECF No. 142, meaning the deadline to file a bill of costs was September 3. But Defendants did not file their bill of costs until September 16 because counsel "inadvertently mis-calendared the deadline as thirty days after . . . [f]inal [j]udgment rather than

fourteen days." ECF No. 148 at 1. They ask the Court to excuse the 13-day delay under Rule 6(b)(1)(B). *Id.*

The Court declines to do so. "Under Rule 6(b), a court may extend the time to respond, even after the deadline has expired, on a showing of 'excusable neglect,' which depends on the danger of prejudice to the plaintiff, the length and impact of the delay, the reason for the delay and whether it was within the movant's control, and whether the movant acted in good faith." *Gonzalez v. Carmona*, No. 25-50178, 2025 WL 3043385, at *1 (5th Cir. Oct. 31, 2025). "[I]n most cases, an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect.'" *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (quoting *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998)). "[S]ome misinterpretations of the federal rules may qualify as excusable neglect," but the Fifth Circuit has "emphasized that 'such is the rare case indeed.'" *Id.* (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)). Nonetheless, "excusable neglect 'is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Wilhite v. Ark Royal Ins. Co.*, No. 24-20401, 2025 WL 2588992, at *2 (5th Cir. Sept. 8, 2025) (internal quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). "Rather, it 'plainly' permits a district court, 'where appropriate, to accept late filings caused by

inadvertence, mistake, or carelessness.'" *Id.* (quoting *Pioneer*, 507 U.S. at 388).

Precedent on this issue goes both ways. For example, in *Midwest Employers*, the Fifth Circuit "reversed a magistrate judge's decision permitting an untimely appeal because the party's counsel had misread the requirements for seeking a new trial under" Rule 6(e). *Wilhite*, 2025 WL 2588992, at *3 (citing *Midwest Emps.*, 161 F.3d at 878). The attorney "intentionally 'allowed the appeal deadline to pass' based on his mistaken belief that he had three extra days to seek a new trial." *Id.* (quoting *Midwest Emps.*, 161 F.3d at 880).

However, in *Stotter v. University of Texas at San Antonio*, the Fifth Circuit upheld an untimely notice of appeal where the party's "counsel accidentally entered the incorrect year into her new computer-based calendar." 508 F.3d 812, 820 (5th Cir. 2007). Similarly, in *Wilhite*, the Fifth Circuit found excusable neglect where an attorney "miscalculate[d] [a] filing deadline," reasoning that the mistake "related to a miscalculation of the appeal deadline itself" rather than a "misunderstanding of an ancillary federal rule." *Wilhite*, 2025 WL 2588992, at *3.

It is admittedly a close call, but the Court finds that Defendants fail to establish excusable neglect. Like the attorney in *Midwest Employers*, who intentionally let the notice-of-appeal deadline pass, Defendants' attorney here intentionally let the bill-of-cost deadline pass because he erroneously thought he had thirty days to file after the final judgment. ECF No. 152-1 ¶ 2. He admits this error occurred because he

"mistakenly calendared the . . . deadline as thirty days *without verifying the applicable local rule*." *Id.* ¶ 3 (emphasis added). This case therefore differs from *Stotter* and *Wilhite* because unlike the attorneys in those cases, who presumably knew the correct deadline but merely miscalculated it or entered it incorrectly into their calendaring system, counsel here simply assumed—without checking—that the applicable deadline was thirty days instead of fourteen. While MSHB does not contend, nor does the Court find, that counsel's mistake resulted from bad faith or caused substantial prejudice, ECF No. 150 at 8, it still falls short of excusable.

Bottom line, counsel could have checked the rules beforehand but chose not to until it was too late. That mistake, while minor, was entirely within counsel's control and could have been avoided with even a smidgen of diligence. To hold otherwise would collapse Rule 6(b)'s "excusable neglect" requirement into an empty formality where neglect becomes excusable simply because it is neglectful. Even worse, it would incentivize attorneys to deliberately avoid consulting the rules for deadlines, to just go with their gut instead. The Court refuses to condone such cavalier calendaring.

Thus, Defendants' motion for leave to file an untimely bill of costs should be denied.

## III. CONCLUSION

Accordingly, the Court **RECOMMENDS** Defendants' motion for attorney

fees, ECF No. 143, be **DENIED**. The Court further **RECOMMENDS** Defendants' motion for leave to file an untimely bill of costs, ECF No. 148, be **DENIED**. Each party will bear their own fees and costs.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed on October 21, 2026, at Houston, Texas.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**